O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAW OFFICE OF AMIR SOLEIMANIAN; AMIR SOLEIMANIAN (an individual) dba MR. TICKET,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAW OFFICES OF KRISTINA WILDEVELD, KRISTINA WILDEVELD,ESQ. (an individual), dba MR. TICKET,<br><br>　　　　　Defendants.<br>_____ | ) Case No. CV 12-02564 DDP (RZx)<br>)<br>) **ORDER DENYING DEFENDANTS' MOTION**<br>) **TO DISMISS AND VACATING**<br>) **DEFENDANTS' EX PARTE APPLICATION**<br>)<br>) [Dkt. Nos. 50, 57]<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　Presently before the court is Defendants' Motion to Dismiss for Insufficient Service. After considering the parties' papers, the court DENIES the motion.

**I. Background**

　　On March 26, 2012, Plaintiffs Law Offices of Amir Soleimanian and Amir Soleimanian, an individual, filed a Complaint against Defendants Kristina Wildeveld, Esq., an individual, and the Law Offices of Kristina Wildeveld, alleging infringement of Plaintiffs' registered trademark MR. TICKET, for legal services. Defendants

filed no response to the Complaint, and Default was entered by clerk on June 1, 2012.  A corrected default was entered by clerk on June 6, 2012.  On October 9, 2012, Plaintiffs filed a Motion for Permanent Injunction. On November 13, 2012, Defendants filed this Motion to Dismiss, alleging that they had not been served with the Complaint and summons.

**II. Legal Standard**

Under the Federal Rules of Civil Procedure, service to an individual may be made by following state law for service or by complying with the procedures laid out in Rule 4(e) of the Federal Rules of Civil Procedure.  A corporation or other entity must be served either in compliance with state law or in compliance with Rule 4(h).  If state law regarding service is followed, it may be the law of either the state where the district court is located or the state where service is made.  Fed. R. Civ. P. Rule 4(e)(1).

**III. Discussion**

Plaintiffs filed a Complaint against two defendants: Kristina Wildeveld, an individual, and the Law Offices of Kristina Wildeveld, a Nevada law firm of unknown entity status.  Compl. ¶¶ 3,4.  For the court to have personal jurisdiction over both entities, service to each must be proper.  See Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).

**A. Service on Wildeveld as an Individual**

Plaintiffs have provided a "Proof of Service by First Class Mail" stating that copies of the complaint, summons, and other documents were mailed to Kristina Wildeveld, Esq., (an individual) at 726 S. Casino Center Blvd., Ste 211, Las Vegas, NV, 89101 ("the Casino Center address") on March 29, 2012.  (Dkt. No. 11.) In

2

addition, Plaintiffs provided an Affidavit of Service by Joe Ricondo who stated that he served Kristina Wideveld, Esq., "by personally delivering and leaving a copy" at the Casino Center address with Maria Copodonna as "Secretary an agent lawfully designated by statute to accept service of process." (Id.)

Service is proper if it conforms to federal, California, or Nevada law. Under California law, "[i]n lieu of personal delivery . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail . . . to the person to be served at the place where a copy of the summons and complaint were left." Cal. Code Civ. P. § 415.20(a).

Here, the summons was left at the Casino Center address, where the Law Offices of Kristina Wildeveld ("the Wildeveld Law Offices") were located, and which therefore could be considered to be Ms. Wildeveld's office. According to Defendants, the Wildeveld Law Offices were in the process of moving from the Casino Center address to a different Las Vegas address in the final weeks of March 2012. Defendants state that "employees were present in both offices to facilitate this change and notices were posted in public view referencing this move. March 29, 2012 would have been among the final days that the office was open and although a single employee was present at the office on Casino Center Blvd., no documents, pleadings, or paperwork of any kind was ever served or left with the front desk receptionist." (Mot. at 6.) That single employee, Mara Copodonna, affirms that during the last week of March she was "alone in [the office at the Casino Center address]

3

with a partial desk and a phone, as all items had been removed to the new office." (Copodonna Decl. ¶ 4.)

Because she was sitting at a desk in Ms. Wildeveld's office, apparently acting as the receptionist, Ms. Capodonna could have reasonably been considered to be the person in charge of the office. Defendants have not made any arguments to the contrary; they have pointed out only that the Offices were in the process of being moved. However, this fact on its own does not suggest that it was improper to effect service to the person apparently in charge of the office, which was still staffed by employees of Ms. Wildeveld's law firm. Thus the court finds that Ms. Capodonna was an appropriate person to receive service for Ms. Wildeveld.[1]

Defendants assert nonetheless that service was improper because "no such person [as Maria Copodonna] has ever been employed by Defendants." (Mot. at 9.) Defendants' receptionist bears the first name Mara, not Maria as stated on the proof of service. (Copodonna Decl. ¶ 6.) The court does not deem the omission of a single letter in Ms. Copodonna's first name fatal to otherwise proper service. Although the proof of service uses an incorrect first name, it is clearly referring to the same person who was in fact an employee of the Law Offices of Kristina Wildeveld.

Additionally, Defendants offer a declaration from Ms. Copodonna denying that she ever received the summons and complaint.

---

[1] Because Ms. Copodonna was the person apparently in charge of the office, and therefore an appropriate person to accept service, it is immaterial that she "understands that she is not, nor has she ever been, an authorized person to receive process of service" for the Defendants (Mot. at. 9). It is also immaterial that the proof of service misdesignated her as "an agent lawfully designated by statute to accept service of process."

4

(Copodonna Decl. ¶ 5.) This denial alone is insufficient to meet Defendants' burden in challenging the validity of service. "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." S.E.C. v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1166 (9th Cir. 2007)(internal quotations omitted). "[A] mere allegation that process was not served without an additional showing of evidence is insufficient to refute the validity of an affidavit of service." Freeman v. ABC Legal Services, Inc., 827 F.Supp.2d 1065, 1076 (N.D. Cal. 2011).

The court finds that service to Kristina Wildeveld (an individual) was proper under California law. Therefore the court need not consider whether service was proper under Nevada law or under Federal Rule 4(e)(2).

**B. Service on the Law Offices of Kristina Wildeveld**

Plaintiffs have provided a "Proof of Service by First Class Mail" stating that copies of the complaint, summons, and other documents were mailed to the Law Offices of Kristina Wildevelde at 726 S. Casino Center Blvd., Ste 211, Las Vegas, NV, 89101 ("the Casino Center address") on March 29, 2012. (Dkt. No. 10.) In addition, Plaintiffs provided an Affidavit of Service by Joe Ricondo who stated that he served the Law Offices of Kristina Wildeveld, "by personally delivering and leaving a copy" at the Casino Center address with Maria Copodonna as "Secretary an agent lawfully designated by statute to accept service of process." Id.

Under California law, "If a defendant is a corporate or noncorporate entity, service may be made in the first instance, in lieu of delivery of process to a specified officer or employee of

such entity personally, by leaving the papers in his office." West's Ann. Cal. Civ. Code Pro. § 415.20, Comment - Judicial Council ("Corporate and Noncorporate Entities"). Service on a corporation is therefore proper if the papers are left with "a person apparently in charge of his or her office, place of business, or usual mailing address . . . at least 18 years of age, who shall be informed of the contents thereof" and then by mailing the complaint to the same address. As discussed above, Mara Copodonna was the person apparently in charge of the office of the Wildeveld Law Offices. Although the Offices were in the process of moving, Defendants do not allege that the Casino Center address was not still a valid address. The court finds that service on the Law Offices of Kristina Wildeveld was proper under California law and that it therefore need not consider whether service was proper under Nevada law or under Federal Rule 4(h)(1).

**IV. CONCLUSION**

Defendants' Motion to Dismiss is DENIED. The Ex Parte Application to Shorten Time for Hearing on Defendants' Motion to Dismiss is VACATED.

**Plaintiffs are ordered to file any opposition to Defendants' Motion to Set Aside Clerk's Entry of Default by December 7, 2012. The reply, if any, shall be filed by December 14, 2012. Oral argument on the Motion to Set Aside Clerk's Entry of Default (DOCKET NUMBER 56) shall be heard, if required by the court, on January 7, 2012 at 10:00 a.m.** The court notes that if the Motion to Set Aside Default is granted, Plaintiffs' Motion for Permanent Injunction will be vacated. Under such circumstances, Plaintiffs may wish to seek preliminary injunctive relief.

1    The parties are ordered to meet and confer telephonically
2 within seven days of this order.
3    Failure to comply with all terms of this order may result in
4 sanctions including the dismissal of the action or denial of the
5 Motion to Set Aside Default.

8 IT IS SO ORDERED.

12 Dated: November 28, 2012
                                         DEAN D. PREGERSON
13                                       United States District Judge

7