O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAW OFFICE OF AMIR SOLEIMANIAN; AMIR SOLEIMANIAN (an individual) dba MR. TICKET, | ) ) ) ) | Case No. CV 12-02564 DDP (RZx) **ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** |
| Plaintiffs, | ) ) | [Dkt. No. 56] |
| v. | ) ) | |
| LAW OFFICES OF KRISTINA WILDEVELD, KRISTINA WILDEVELD,ESQ. (an individual), dba MR. TICKET, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Presently before the court is Defendants' Motion to Set Aside Clerk's Entry of Default.

**I. BACKGROUND**

On March 26, 2012, Plaintiffs Law Offices of Amir Soleimian and Amir Soleimian, an individual, filed a Complaint against Defendants Kristina Wildeveld, Esq., an individual, and the Law Offices of Kristina Wildeveld, alleging infringement of Plaintiffs' registered trademark MR. TICKET, for legal services. Defendants filed no response to the Complaint, and Default was entered by

1 clerk on June 1, 2012.  A corrected default was entered by clerk on

2 June 6, 2012.

3      On October 9, 2012, Plaintiffs filed a Motion for Permanent

4 Injunction. On November 13, 2012, Defendants filed a Motion to

5 Dismiss, alleging that they had not been served with the Complaint

6 and summons.  At the same time, they filed an Answer to the

7 Complaint.  On November 15, 2012, this court continued the hearing

8 on the Permanent Injunction and set a status conference regarding

9 the Entry of Default and Filed Answer for November 19, 2012, the

10 date that the hearing on the Permanent Injunction had been

11 scheduled. Additionally, the court ordered the parties to meet and

12 confer prior to the status conference.  At the hearing on November

13 15, 2012, counsel Christien Gaumer appeared for Plaintiffs.  There

14 were no appearances for Defendants.[1]  The court struck Defendants'

15 Answer.

16      On November 21, 2012, Defendants filed the present Motion to

17 Set Aside Clerk's Entry of Default.  On November 28, 2012, the

18 court denied Defendants' Motion to Dismiss, finding that service of

19 process was proper.

20 **II. LEGAL STANDARD**

21

22      [1]As far as the court can determine, neither party, including
   Plaintiffs' counsel who did appear, was aware of the status
23 conference or of the order to meet and confer.  (Minute Order, Nov.
   15, 2012.) Based on Defendants' Supplement to Defendant's Motion to
24 Set Aside Clerk's Entry of Default, Decl. Kristina Wildeveld, ¶ 6,
   Exh. A, it appears that the email notice of the court's Minute
25 Order was truncated and did not include the full text entered onto
   the docket.  The email notice states only that the hearing on the
26 Permanent Injunction was continued to January 7, 2013, but the full
   Minute Order sets the status conference for November 19, 2012, and
27 orders the parties to meet and confer.  The court notes that the
   truncated email notice was not due to any error on the part of the
28 Court Clerk.

1     "The court may set aside an entry of default for good cause."

2    Fed. R. Civ. P. 55(c).  To determine "good cause," a court must

3    consider three factors: "(1) whether the party seeking to set aside

4    the default engaged in culpable conduct that led to the default;

5    (2) whether it had no meritorious defense; or (3) whether reopening

6    the default judgment would prejudice the other party." U.S. v.

7    Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085,

8    1091 (9th Cir. 2010)(internal quotation marks and citation

9    omitted).  This standard is disjunctive "such that a finding that

10   any one of these factors is true is sufficient reason for the

11   district court to refuse to set aside the default."  Id.

12   "[J]udgment by default is a drastic step appropriate only in

13   extreme circumstances; a case should, whenever possible, be decided

14   on the merits."  Id. (internal quotation marks and citations

15   omitted.)

16   **III. DISCUSSION**

17        A. Culpability

18        The court finds that any conduct by Defendants that led to the

19   clerk's entry of default was not culpable.  In its Order of

20   November 28, 2012, this court found that service of process on

21   Defendants was proper.  However, at the time when process was

22   served, Defendants were in the midst of moving their law offices to

23   a different Las Vegas location.  (Decl. Mara Copodonna, ¶ 3.)  Such

24   circumstances could explain how papers could have been properly

25   served but nonetheless how Defendants could have failed to receive

26   them, as they assert.

27   ///

28   ///

1   B. Defenses

2   "A defendant seeking to vacate a default judgment must present

3 specific facts that would constitute a defense. But the burden on a

4 party seeking to vacate a default judgment is not extraordinarily

5 heavy.  All that is necessary to satisfy the 'meritorious defense'

6 requirement is to allege sufficient facts that, if true, would

7 constitute a defense: the question whether the factual allegation

8 is true is not to be determined by the court when it decides the

9 motion to set aside the default. Rather, that question would be the

10 subject of the later litigation." <u>U.S. v. Signed Personal Check.</u>

11 <u>No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1094 (9th Cir.

12 2010)(internal quotation marks and citations omitted).

13   The court finds that Defendants meet this low burden.

14 Defendants assert facts that, if true, would constitute a valid

15 defense to Plaintiffs' trademark infringement claim.  To succeed on

16 the merits of a trademark infringement claim, Plaintiffs must

17 establish that "defendant's use of its mark gives rise to a

18 'likelihood of confusion' in the consuming public." <u> Metro Pub.,</u>

19 <u>Ltd. v. San Jose Mercury News</u>, 987 F.2d 637 (9th Cir. 1993).

20 Defendants have offered facts distinguishing their mark from

21 Plaintiffs' mark, pointing out that the marks have different

22 imagery.  (Mot. at 10.)  Defendants also point out that the

23 geographic scope of their use of the mark differs from that of

24 Plaintiffs, thus reducing the likelihood of confusion. (<u>Id.</u>)  The

25 court makes no determination on the merits of these arguments; at

26 this stage, it suffices to say that if these facts are true, they

27 would constitute a defense to Plaintiffs' trademark infringement

28 claim.  Thus, Defendants have satisfied their burden.

1      C. Prejudice

2        Neither party discusses whether Plaintiffs would be prejudiced

3   if the court sets aside the clerk's entry of default, so the court

4   need not address this issue.  The court notes that it is unlikely

5   that Plaintiffs would be prejudiced since Defendants assert that

6   they have ceased using "Mr. Ticket" to market their legal services.

7   (Mot. at 13.)

8   **IV. CONCLUSION**

9        Defendants' Motion is GRANTED.  **The Clerk's Entry of Default**

10  **is set aside.**

11       Henceforward the court shall treat Plaintiff's Motion for

12  Permanent Injunction as a **Motion for Preliminary Injunction**.

13  Defendants may file an **answer to the Complaint and an opposition to**

14  **the Motion for Permanent Injunction by December 18, 2012.**  Any

15  **reply** shall be submitted by December 28, 2012.  Oral argument, as

16  currently scheduled, shall be heard on January 7, 2013, at 10:00

17  a.m.

18  IT IS SO ORDERED.

19

20

21  Dated: December 11, 2012

22                     DEAN D. PREGERSON
                    United States District Judge

23

24

25

26

27

28